## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CAROLYN MCKEOWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-24-301-PRW |
| | ) | |
| PAYCOM PAYROLL, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### ORDER

Before the Court are *pro se* Plaintiff's Motion for Due Process Protections and Discovery (Dkt. 9) and Emergency Motion to Seal Sensitive Information, Request for Sanctions, and to Strike Defamatory Language (Dkt. 14). Because Plaintiff is proceeding *pro se*, the Court construes her filings liberally.[1] For the reasons discussed below, the Motions are **DENIED**.

**I. Motion for Due Process Protections and Discovery (Dkt. 9)**

On April 2, 2024, Defendant filed its Motion to Dismiss (Dkt. 6). On April 8, 2024, Plaintiff filed her Motion for Due Process Protections and Discovery (Dkt. 9). As best the Court can determine, Plaintiff's "due process protections" requests were disposed of by the Court's Order (Dkt. 13) denying two separately filed motions relating to ECF access (Dkts. 10, 11). In the present Motion (Dkt. 9), Plaintiff also seeks to engage in discovery—

---

[1] *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

including a specific list of document requests and interrogatories—apparently to support a response to the pending Motion to Dismiss (Dkt. 6).

"The purpose of a motion under Federal Rule of Civil Procedure 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case."[2] In considering a 12(b)(6) motion, the Court's review is generally limited to the four corners of the complaint and any uncontroverted documents intimately connected to the claims.[3] Thus, while expedited or early discovery is available in some circumstances upon a showing of good cause, a pending motion to dismiss rarely justifies such a step.[4] Indeed, the potential for dismissal based on the pleadings cuts against rushing to engage in costly and time-consuming discovery that may prove superfluous.[5] Prejudice stemming from physical evidence being lost to the passage of time is one factor that could justify early discovery while a motion to dismiss is pending.[6]

Here, the documents and communications that Plaintiff seeks are in no danger of physical decay or disappearance. It may be true, as Plaintiff argues, that the Court has the discretion to order early discovery.[7] But Plaintiff has failed to justify that request,

---

[2] 5B Wright & Miller, *Federal Practice and Procedure* § 1356 (3d ed. 2004).

[3] *See id.*, §§ 1356, 1366.

[4] *See Callaway v. Indep. Sch. Dist. No. 1 of Okmulgee Cnty.*, CIV-21-51-SLP, 2021 WL 6125760 (E.D. Okla. Sep. 10, 2021) (collecting cases).

[5] *Id.*

[6] *Id.*

[7] The reason given for exercising that discretion, "where a plaintiff has presented evidence establishing plausible claims that warrant further factual development," however, is

especially given the pending motion to dismiss. Accordingly, the Motion (Dkt. 9) is **DENIED**.

## II. Emergency Motion to Seal Sensitive Information, Request for Sanctions, and to Strike Defamatory Language (Dkt. 14)

In her second Motion (Dkt. 14), Plaintiff asks the Court: (1) to seal copies of her *in forma pauperis* applications in the record; (2) to order Defendant's counsel to destroy all copies of said applications in their possession, and to reprimand and sanction Defendant's counsel for their "unethical conduct" regarding the applications; and (3) to strike as "defamatory" statements in Defendant's Motion to Dismiss (Dkt. 6) that characterize Plaintiff as "combative."

As to Plaintiff's first request, the Court previously granted her separate Motion to Seal (Dkt. 4), and sealed the application included in the Notice of Removal (Dkt. 1). Plaintiff's later-filed Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 7) is also sealed. So far as the Court can determine, no further relief is possible.

---

suspect. Pl.'s Resp. (Dkt. 16), ¶ 4. The Court notes that the case Plaintiff cites for the proposition, *Steinberg v. HSBC Bank USA*, No. 15-7762, 2016 WL 8649862 (S.D.N.Y. Jan. 14, 2016), does not appear to exist. Southern District of New York case number 15-7762 is a prisoner civil rights case that did not proceed past the *in forma pauperis* stage. *See Salley v. Goldston*, No. 15-7762 (S.D.N.Y. Jan. 26, 2016). WestLaw citation 2016 WL 8649862 is a response to a motion in limine filed by the defendant in a civil insurance dispute. *See Sherman v. Geico Gen. Ins. Co.*, No. C20151798, 2016 WL 8649862 (Ariz. Super. Ct. June 30, 2016). There are several cases captioned *HSBC Bank USA v. Steinberg* (though not the reverse), but none out of the Southern District of New York. Plaintiff's one other citation in her Response is to an actual, on-point case, but the quote attributed to the case appears to be manufactured. The Court suspects that these citations may be the product of AI language model hallucinations. Plaintiff is cautioned that citations to falsified legal authority will not be tolerated by any party, *pro se* or otherwise.

Every aspect of Plaintiff's second request is improper. The Court finds no conceivable basis for restricting Defendant's access to documents filed in the case; sealing a document protects sensitive information from public view, not from consideration by a party to the proceeding.[8] Defendant's Notice of Removal (Dkt. 1) included copies of "all process, pleadings, and orders" in the action.[9] At the time, that included the publicly available *in forma pauperis* application, along with Plaintiff's Motion to Seal that, as far as the record reveals, the Oklahoma state court had not yet ruled on. After removal, Plaintiff promptly moved to seal the application, a motion which Defendant did not oppose, and which the Court quickly granted. Nothing in Defendant's conduct relating to the application was unethical or sanctionable.

Plaintiff's final request is similarly spurious. Defendant is entitled to put forward its defense. In a case involving employment discrimination claims, that includes the employer's proffered non-discriminatory reasons for the adverse employment action complained of.[10] Again, there is no legal basis that would justify striking Defendant's characterization of its decision not to hire Plaintiff. The Motion (Dkt. 14) is **DENIED**.

## Conclusion

For the reasons given above, Plaintiff's Motions (Dkts. 9, 14) are **DENIED**. Although both motions include language arguing against points raised in Defendant's

---

[8] *See, e.g.*, *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011).

[9] 28 U.S.C. § 1446(a).

[10] *See, e.g.*, *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012); *Plotke v. White*, 405 F.3d 1092, 1099 (10th Cir. 2005).

pending Motion to Dismiss (Dkt. 6), the Court reads them to have a narrower scope than a full-fledged response. To allow Plaintiff a full opportunity to respond to the pending Motion (Dkt. 6), the Court will exclude the time it took to consider and resolve the two instant motions from the ordinary response period. Plaintiff may file any Response to the pending Motion to Dismiss (Dkt. 6) on or before May 24, 2024.

    **IT IS SO ORDERED** this 8th day of May 2024.

                                                        PATRICK R. WYRICK
                                                        UNITED STATES DISTRICT JUDGE