## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CAROLYN McKEOWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-24-301-PRW |
| | ) | |
| PAYCOM PAYROLL LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court are Defendant Paycom Payroll LLC's Motion to Dismiss and Brief in Support (Dkt. 6), Plaintiff's Response (Dkt. 16), Paycom's Reply (Dkt. 20), and Plaintiff's Sur-Reply (Dkt. 21), as well as Paycom's Motion to Strike and for Sanctions (Dkt. 22), Plaintiff's Response (Dkt. 24), Paycom's Reply (Dkt. 27), and Plaintiff's Sur-Reply (Dkt. 28). For the reasons set forth below, Paycom's Motion to Dismiss and Brief in Support (Dkt. 6) is **GRANTED IN PART** and **DENIED IN PART**, and Paycom's Motion to Strike and for Sanctions (Dkt. 22) is **GRANTED IN PART** and **DENIED IN PART**.

## *Background*

This case arises from alleged discrimination and retaliation, along with alleged violations of the Fair Credit Reporting Act. On August 19, 2023, pro se Plaintiff Carolyn McKeown, a 55-year-old woman, applied for a job as a New Client Support Onboarding Specialist with Defendant Paycom Payroll LLC. Upon receiving her application, Paycom conducted a phone interview with Plaintiff, which then led to an in-person interview.

On August 25, 2023, Paycom provided Plaintiff with a contingent job offer, which she accepted the same date. The offer was "contingent upon the successful completion of a reference check, background and MVR check, drug screen, credit check and a review panel's consideration."[1] Plaintiff's credit report and background report were pulled on the same day as the offer and her acceptance. Plaintiff alleges that she did not receive an authorization form prior to Paycom pulling her credit report and background report, and did not receive the required disclosures mandated by the Fair Credit Reporting Act.

On August 30, 2023, Paycom contacted one of Plaintiff's job references. The reference contacted Plaintiff after speaking with Paycom's Pre-Employment Specialist, Catalina Keo, and informed Plaintiff that Ms. Keo inquired about Plaintiff's health, asking "inappropriate" questions.[2] Following this encounter, on September 1, 2023, Plaintiff reached out to Ms. Keo, stating that she had some concerns regarding the conversation Ms. Keo had with the reference, and to inquire why only one of her three references had been contacted.

On September 5, 2023, Ms. Keo emailed Plaintiff, informing her that her job offer was being rescinded, stating that Paycom had "discovered information during [its] background check process that does not meet Paycom's hiring standards."[3] Plaintiff filed an Equal Employment Opportunity Commission (EEOC) charge the next day, alleging

---

[1] Offer Letter (Dkt. 1-1, Ex. A.2).

[2] Pl.'s Compl. (Dkt. 1-1), ¶ 6.

[3] Pl.'s Compl. (Dkt. 1-1), ¶ 8; Ms. Keo's September 5, 2023 Email (Dkt. 1-1, Ex. C.3).

claims of age and sex discrimination and retaliation. She then amended her EEOC charge on October 18, 2023, adding a claim of disability discrimination.

On September 6, 2023, Plaintiff contacted various Paycom employees requesting a copy of her credit and background report. She alleges that Paycom did not provide her with the requested reports until September 11, 2023.

Following the issuance of a right-to-sue letter from the EEOC, Plaintiff filed suit in the District Court of Oklahoma County, Oklahoma against Paycom on February 20, 2024. Upon a liberal reading of Plaintiff's Complaint,[4] it appears that Plaintiff is alleging: (1) sex discrimination and retaliation in violation of Title VII; (2) age discrimination in violation of the Age Discrimination in Employment Act (ADEA); (3) disability discrimination in violation of the Americans with Disabilities Act (ADA), as amended by the ADA Amendments Act of 2008 (ADAAA); (4) an improper medical inquiry claim in violation of the ADAAA; and (5) violations of the Fair Credit Reporting Act (FCRA). Paycom removed the action to this Court on March 26, 2024, invoking this Court's federal question jurisdiction.

Paycom now moves to dismiss all of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6), to strike a sur-reply filed by Plaintiff without leave of court, and for dismissal of Plaintiff's case with prejudice as a sanction for Plaintiff's repeated use of falsified legal authority in her filings.

---

[4] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citations omitted)).

## I.    Paycom's Motion to Dismiss

Paycom moves to dismiss all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). In response, Plaintiff argues that she has adequately set forth sufficient allegations to state each claim.

### *Legal Standard*

In reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[5] All well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[6] Additionally, the Court must "draw all reasonable inferences in favor of the non-moving party[.]"[7] While factual allegations are taken as true, a court need not accept mere legal conclusions.[8] "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough to state a claim.[9] In analyzing a 12(b)(6) motion, courts are permitted to consider documents attached to the complaint,

---

[5] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[6] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[7] *Doe v. Woodard*, 912 F.3d 1278, 1285 (10th Cir. 2019) (citation omitted).

[8] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[9] *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

and can review "documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[10]

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[11] Courts should not, however, "assume the role of advocate for the pro se litigant.[12] And the broad construction of a pro se plaintiff's complaint "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[13] Because a pro se plaintiff "requires no special legal training to recount the facts surrounding [their] alleged injury," their pro se status does not overcome the rule that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[14]

Plaintiffs are not required to set forth a prima facie case in their complaint.[15] Plaintiffs are, however, required to set forth plausible claims, so in determining whether a claim is plausible, the elements of a prima facie case are helpful.[16]

---

[10] *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (internal quotation marks omitted) (quoting *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir.2002)).

[11] *Hall*, 935 F.2d at 1110 (citations omitted).

[12] *Id.*

[13] *Id.*

[14] *Id.* (citations omitted).

[15] *Khalik*, 671 F.3d at 1192.

[16] *Id.* at 1192; *see Frappied v. Affinity Gaming Black Hawk, LLC*, 966 F.3d 1038, 1054 (10th Cir. 2020); *Morman v. Campbell Cnty. Mem'l Hosp.*, 632 F. App'x 927, 933 (10th Cir. 2015).

*Analysis*

## A. Sex and Age Discrimination Claims

Plaintiff alleges that Paycom discriminated against her on the basis of her "age and non-married, child-free status" in violation of Title VII and the ADEA.[17] Title VII makes it unlawful "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[18] And the ADEA makes it "unlawful for an employer . . . to fail or refuse to hire . . . any individual . . . because of such individual's age."[19] A prima facie case of discrimination in the failure-to-hire context requires a showing that: "(i) [the] plaintiff belongs to a protected class; (ii) [the] plaintiff 'applied and was qualified for a job for which the employer was seeking applicants'; (iii) despite being qualified, the plaintiff was rejected; and (iv) after [the] plaintiff's rejection, 'the position remained open and the employer continued to seek applicants from persons of [the plaintiff's] qualifications.'"[20]

Though Plaintiff's claims do not quite fit within the failure-to-hire context as Paycom offered her a job, and then rescinded its job offer, it is a well-established principal

---

[17] EEOC Charge (Dkt. 1-1, Ex. D.1), at 2.

[18] 42 U.S.C. § 2000e-2(a).

[19] 29 U.S.C. § 623(a)(1).

[20] *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000) (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)) (Title VII context); *see Jones v. Azar*, 772 F. App'x 692, 697 (10th Cir. 2019) (applying the same standard in the ADEA context).

that the articulation of the prima facie case may "vary somewhat depending on the context of the claim and the nature of the adverse employment action alleged," but "the essential purpose served by a prima facie test remains the same."[21] The central inquiry "in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred 'under circumstances which give rise to an inference of unlawful discrimination.'"[22]

As for Plaintiff's sex discrimination claim, Plaintiff's Complaint supports plausible inferences that she is a member of a protected class, was qualified for the job, and despite being qualified, her job offer was rescinded. However, besides a conclusory allegation that she is "confident that [the decision to rescind the job offer] was made based on [her] age and non-married, child-free status, which is a violation of Title VII of the Civil Rights Act of 1964 and Age Discrimination in Employment Act of 1967[,]"[23] Plaintiff's Complaint is void of any facts giving rise to an inference that Paycom's decision to rescind its offer was because of her sex.[24] Further, Plaintiff makes no mention of her sex discrimination claim in her Response or her Supplemental Response.[25] Disregarding Plaintiff's legal

---

[21] *Id.* (internal citation omitted).

[22] *Id.* (quoting *Texas Dep't of Cmty. Affs. v. Burdine,* 450 U.S. 248, 253 (1981)).

[23] EEOC Charge (Dkt. 1-1, Ex. D.1), at 2.

[24] *See Bostock v. Clayton Cnty.*, 590 U.S. 644, 656 (2020).

[25] Plaintiff initially filed a Response to Defendant's Opposition and Amended Motion for Discovery with Supporting Evidence (Dkt. 16). The Court construed this document as a motion requesting discovery, which it denied (*See* Order (Dkt. 18)). Because the document did not appear to be a full-fledged response brief, Plaintiff was permitted to file a supplemental response. In her Supplemental Response (Dkt. 19), Plaintiff indicates that she intended for her Response to Defendant's Opposition and Amended Motion for Discovery with Supporting Evidence (Dkt. 16) to serve as her response to Paycom's

conclusions[26] and liberally construing her remaining factual allegations, Plaintiff's Complaint fails to state a claim for sex discrimination.[27] Thus, Plaintiff's sex discrimination claim is dismissed without prejudice.[28]

It is possible that Plaintiff is attempting to allege a sex-plus claim based on her age, marital, and childfree status. Such a claim could be cognizable under Title VII but requires a showing of "unfavorable treatment relative to an employee who also shares the 'plus-' characteristic."[29] Plaintiff raised no allegations that Paycom treated similarly aged, unmarried, childfree men differently. So, to the extent that Plaintiff is attempting to bring a sex-plus claim, it is likewise dismissed without prejudice.

---

Motion to Dismiss. The Court considers both documents in light of the more liberal standard provided to pro se plaintiffs.

[26] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

[27] *See Khalik*, 671 F.3d at 1193 ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss."); *Thomas v. Wal-Mart Assocs., Inc.*, No. CIV-21-94-G, 2023 WL 6380002, at *3 (W.D. Okla. Sept. 29, 2023) ("Plaintiff's single statement that her gender plus age was a significant factor in the decision to terminate her is the kind of general and conclusory assertion of discrimination that precedent instructs is insufficient to survive a motion to dismiss.").

[28] Paycom seeks dismissal with prejudice. But "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999) (citation omitted). The Court cannot conclude at this juncture that amendment would be futile, so dismissal with prejudice is inappropriate.

[29] *Frappied*, 966 F.3d at 1045–46, 1048; *see Phillips v. Martin Marietta Corp.*, 400 U.S. 542, 544 (1971) (per curiam) (permitting sex discrimination claim based on status as woman with preschool aged children).

As for her age discrimination claim, Plaintiff's Complaint again supports the plausible inferences that she is a member of a protected class, was qualified for the job, and despite being qualified, her job offer was rescinded. And specific to this claim, Plaintiff also alleges that (1) "all four Paycom employees involved in [her] hiring process [were] under the age of 40[;]"[30] (2) Paycom obtained 35 years' worth of her personal data when performing its background check; and (3) Ms. Keo, Paycom's Pre-Employment Specialist, asked one of her references "disability-related questions."[31]

Viewing these allegations in the light most favorable to Plaintiff, her Complaint falls short of stating a claim for age discrimination. The simple fact that Plaintiff is older than the employees involved in her hiring process does not suggest that Paycom rescinded its offer because of Plaintiff's age, especially considering that Plaintiff alleges that the same individuals extended the job offer to begin with. And Plaintiff contends that even though Paycom obtained 35 years' worth of her background history, which supports the reasonable inference that this is more data than is collected for younger potential employees, none of it was negative. As to the "disability-related questions," Plaintiff attaches the questions Ms. Keo purportedly asked her reference to the Complaint.[32] These questions include whether Plaintiff had anxiety, about a cough she had, and how she managed stress. It is unclear how these questions—which are unrelated to age—show that Paycom rescinded its job offer based on Plaintiff's age. Ignoring Plaintiff's conclusory allegations, Plaintiff's Complaint

---

[30] Pl.'s Compl. (Dkt. 1-1), ⁋ 15.

[31] *Id.*

[32] Email Regarding Reference Questions (Dkt. 1-1, Ex. C.2).

provides no more than "sheer speculation" linking Plaintiff's age to "a discriminatory motive."[33] Because Plaintiff has not set forth an age discrimination claim that is plausible, this claim is dismissed without prejudice.

### B. Retaliation Claim

Though not a model of clarity, Plaintiff also purports to be alleging a Title VII retaliation claim. "Title VII retaliation claims require an employee to demonstrate that, but for her protected activity, she would not have faced the alleged adverse employment action."[34] A prima facie case of retaliation requires a plaintiff to show: "(1) that she engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action."[35]

Paycom argues that Plaintiff's retaliation claim should be dismissed because Plaintiff does not allege that she took part in protected opposition to discrimination prior to Paycom's rescission of its job offer. The Court agrees. Notably, Plaintiff alleges that she filed her EEOC charge *after* Paycom rescinded its job offer. Disregarding Plaintiff's label of retaliation,[36] the Complaint lacks sufficient factual detail to support a retaliation claim. This claim is dismissed without prejudice.

---

[33] *See Khalik*, 671 F.3d at 1193.

[34] *Bennett v. Windstream Commc'ns, Inc.*, 792 F.3d 1261, 1269 (10th Cir. 2015) (citing *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013)).

[35] *Khalik*, 671 F.3d at 1193 (quoting *Twigg v. Hawker Beechcraft Corp.*, 659 F.3d 987, 998 (10th Cir. 2011)) (cleaned up) (further citation omitted).

[36] *See Twombly*, 550 U.S. at 555.

### C. ADAAA Claims

Plaintiff next alleges that Paycom violated the ADAAA. The ADAAA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."[37] A prima facie case for discrimination under the ADAAA requires a plaintiff to show that: "(1) [s]he is disabled as defined under the ADAAA; (2) [s]he is qualified, with or without reasonable accommodation by the employer, to perform the essential functions of the job; and (3) [s]he was discriminated against because of [her] disability."[38] Disability under the ADAAA is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual," "a record of such an impairment," or "being regarded as having such an impairment."[39]

Plaintiff does not allege that she has a physical or mental impairment, or a record of such impairment. Instead, she appears to allege that Paycom regarded her as having a qualifying impairment and discriminated against her on that basis. To fall within the "regarded as" definition of disability, a plaintiff must "establish[] that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit

---

[37] 42 U.S.C. § 12112(a).

[38] *Adair v. City of Muskogee*, 823 F.3d 1297, 1304 (10th Cir. 2016) (citation omitted).

[39] 42 U.S.C. § 12102(1).

a major life activity."[40] This provision, however, is not applicable to "transitory or minor" impairments.[41] An impairment is transitory if it has "an actual or expected duration of 6 months or less."[42] Thus, a "regarded as" claim requires a showing that: "(1) [s]he has an actual or perceived impairment, (2) that impairment is neither transitory nor minor, and (3) the employer was aware of and therefore perceived the impairment at the time of the alleged discriminatory action."[43]

Plaintiff's Complaint falls short of stating a plausible "regarded-as" claim. As described above, Plaintiff alleges that Paycom's Pre-Employment Specialist, Ms. Keo, asked one of Plaintiff's references "inappropriate questions about [her] health,"[44] including whether she had anxiety, how she manages stress, and about her cough.[45] Plaintiff goes on to state that "despite not disclosing a disability on [her] application," Ms. Keo asked her reference whether she "had a disability, and whether [the disability] would impact [Plaintiff's] employment."[46] Even assuming that these allegations support a plausible inference that Paycom perceived Plaintiff as having an impairment, Plaintiff does not

---

[40] *Id.* § 12102(3)(A).

[41] *Id.* § 12102(3)(B).

[42] *Id.*

[43] *Adair*, 823 F.3d at 1306.

[44] Pl.'s Compl. (Dkt. 1-1), ⁋ 6.

[45] Email Regarding Reference Questions (Dkt. 1-1, Ex. C.2).

[46] Pl.'s Compl. (Dkt. 1-1), ⁋ 14.

12

contend that the perceived impairments were neither transitory nor minor.[47] Further, Plaintiff's Complaint does not support a plausible inference that Paycom withdrew its job offer because of any perceived impairment. For these reasons, Plaintiff has failed to nudge her regarded as disability discrimination claim across the line from conceivable to plausible, so it must be dismissed.[48]

But the ADAAA also restricts employers from requiring certain medical examinations and making certain medical inquiries,[49] regardless of the person's disability status.[50] These restrictions vary depending on the stage of employment: the pre-offer job application stage,[51] the post-offer pre-employment stage,[52] or the current employment stage.[53] Based on the timeline provided in the Complaint, Plaintiff's situation falls within the second category, as she had received a job offer but had not yet begun employment. At this stage, medical examinations, and inquiries, are permitted and the employer can "condition an offer of employment on the results of such examination[.]"[54] However, the

---

[47] *Adair*, 823 F.3d at 1306 (Under the ADAAA, the only qualification for an impairment in a "regarded as" claim is that the impairment not be "transitory and minor." (quoting 42 U.S.C. § 12102(3)(B))).

[48] *See Twombly*, 550 U.S. at 570.

[49] 42 U.S.C. § 12112(d); *see Sumler v. Univ. of Colo. Hosp. Auth.*, 790 F. App'x 950, 954 (10th Cir. 2019); *Buhrman v. Aureus Med. Grp.*, 519 F. Supp. 3d 923, 934 (D. Colo. 2021).

[50] *See Griffin v. Steeltek, Inc.*, 160 F.3d 591, 593–94 (10th Cir. 1998).

[51] *Id.* at § 12112(d)(2).

[52] *Id.* at § 12112(d)(3).

[53] *Id.* at § 12112(d)(4).

[54] *Id.* at § 12112(d)(3); 29 C.F.R. § 1630.14(b).

examination and inquiries must be conducted in accordance with 42 U.S.C. § 12112(d)(3).[55]

As described above, Plaintiff alleges that after making its contingent job offer, Ms. Keo contacted one of her references and asked "unlawful questions," including whether she "had a disability, and whether [the disability] would impact [her] employment,"[56] about her anxiety, and about a cough.[57] Paycom's only argument for dismissal of Plaintiff's ADAAA claims is that Plaintiff failed to allege that she was disabled, or that Paycom regarded her as disabled. But a plaintiff does not need to show that she is disabled to state a medical inquiry claim.[58] Thus, the Court declines to dismiss Plaintiff's medical inquiry claim.

### D. FCRA Claims

Plaintiff claims that Paycom violated the Fair Credit Reporting Act by failing to provide her with the required disclosures, by failing to obtain her authorization prior to procuring her consumer reports, and by failing to provide her with a copy of her consumer reports prior to taking an adverse action against her. Plaintiff first appears to allege a

---

[55] *See Garrison v. Baker Hughes Oilfield Operations, Inc.*, 287 F.3d 955, 959–60 (10th Cir. 2002).

[56] Pl.'s Compl. (Dkt. 1-1), ⁋ 14.

[57] Email Regarding Reference Questions (Dkt. 1-1, Ex. C.2).

[58] *See Griffin*, 160 F.3d at 595 (stating that "[a] job applicant need not make a showing that he or she is disabled or perceived as having a disability to state a . . . case under 42 U.S.C. § 12112(d)(2)."); *see also Garrison*, 287 F.3d at 963 (stating that the same analysis applies to claims under § 12112(d)(3)).

violation of 15 U.S.C. § 1681b(b)(2)(A),[59] which requires "a clear and conspicuous disclosure . . . made in writing . . . in a document that consists solely of the disclosure," and authorization in writing from the consumer prior to obtaining a consumer report for employment purposes. Plaintiff claims that she was not provided with an authorization form or disclosures prior to Paycom obtaining her consumer report.[60] In response, Paycom moves to dismiss this claim solely on the ground that it did provide Plaintiff with the required authorization and disclosures. Paycom has attached the FCRA disclosures and a signed acknowledgment to its Motion to Dismiss, and for this reason, argues that the Court can completely ignore Plaintiff's allegations that Paycom did not comply with § 1681b(b)(2)(A)'s requirements.

But at the 12(b)(6) stage, the Court can only consider documents outside the complaint if they are incorporated into the complaint by reference, or are "referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not

---

[59] The specific provisions identified by Plaintiff in her Complaint as those violated by Paycom—15 U.S.C. §§ 1681b(b)(2)(B)(i), (ii) and §§ 1681b(b)(3)(B)(i)(I), (II)—do not appear to be applicable. Pl.'s Compl. (Dkt. 1-1), ¶ 17(a)–(d). The Act specifies that these provisions apply to consumers "applying for a position over which the Secretary of Transportation has the power to establish qualifications and maximum hours of service" *and* "as of the time at which the person procures the report . . . the only interaction between the consumer and the person in connection with that employment application has been by mail, telephone, computer, or other similar means." 15 U.S.C. § 1681b(b)(2)(C)(i), (ii) (limiting subparagraph (b)(2)(B)); § 1681b(b)(3)(C) (limiting subparagraph (b)(3)(B)). Plaintiff specifically alleges that she met with Paycom's hiring team in person, and she does not allege that the position with Paycom is one which the Secretary of Transportation has power over.

[60] Pl.'s Compl. (Dkt. 1-1), ¶¶ 5, 12.

dispute their authenticity."[61] While the documents attached to Paycom's Response are referred to in Plaintiff's Complaint and are central to her claims, Plaintiff disputes their authenticity, stating that they appear to be a "post-hoc fabrication."[62] Thus, the Court cannot consider them at this juncture.

Disregarding these documents, Plaintiff's Complaint alleges that her consumer reports were pulled "without a signed stand-alone consent form, raising questions about the proper authorization process."[63] Plaintiff further states that she was told that she would receive information about this process, and while she was able to input information about her references, "there was no accompanying form authorizing [her] to sign and approve a background check and credit check."[64] Taking Plaintiff's allegations as true, as the Court must, Plaintiff sufficiently alleges that Paycom failed to comply with § 1681b(b)(2)(A).

Plaintiff also appears to be alleging a violation of § 1681b(b)(3)(A), which requires an employer to provide the consumer with a copy of their report and a description of their rights under the FCRA prior to "taking any adverse action based in whole or in part on the report." Plaintiff alleges that while Paycom did provide her with her report on September 11, Paycom did not provide her with a copy of her report or a summary of her rights *prior* to taking an adverse action against her on September 5.[65] Plaintiff's Complaint, however,

---

[61] *Gee*, 627 F.3d at 1186 (citations omitted).

[62] Pl.'s Resp. to Def.'s Opp'n and Am. Mot. for Disc. with Supporting Evidence (Dkt. 16), at 1–2.

[63] Pl.'s Compl. (Dkt. 1-1), ⁋ 5.

[64] *Id.*

[65] *See* Pl.'s Compl. (Dkt. 1-1), ⁋⁋ 12, 13.

belies this claim as she further alleges that "the report did not contain any negative information."[66] In fact, Plaintiff states in her EEOC charge attached to the Complaint that she is "requesting an investigation into the real reason for the job offer rescission" because she has a "clear background, driving record, drug screen, and outstanding prior work history, hard earned education and professional industry credentials," so she is "confident that the decision was made based on [her] age and non-married, childfree status."[67] Thus, Plaintiff's Complaint specifically alleges that the adverse action was *not* based in whole or in part on the information contained in her consumer report. For this reason, she has not stated a plausible claim under § 1681b(b)(3)(A) and this claim is dismissed without prejudice.

## II.    Paycom's Motion for Sanctions

Paycom also requests dismissal of this action with prejudice as a sanction for Plaintiff's use of non-existent legal authority, and to strike an unauthorized sur-reply filed by Plaintiff. In response, Plaintiff relies on her pro se status, urging the Court to provide her with more leeway than other litigants.

Throughout this litigation, Plaintiff has twice submitted filings containing non-existent legal citations. After the first instance, the Court warned Plaintiff that citations to falsified legal authority would not be tolerated by any party, pro se or otherwise.[68] Just two weeks after the Court's Order warning her that such citations would not be tolerated,

---

[66] Pl.'s Compl. (Dkt. 1-1), ¶ 13.

[67] EEOC Charge of Discrimination (Dkt. 1-1, Ex. D.1, at 2).

[68] *See* Order (Dkt. 18), at 2 n.7.

Plaintiff submitted a sur-reply to Paycom's Motion to Dismiss.[69] In this filing, Plaintiff again cited to non-existent legal authority.[70] The Court issued an Order directing Plaintiff to produce a copy of the case included in her brief or explain why another falsified citation appeared in her filings.[71] In response to the Court's Order, Plaintiff stated that she "unintentionally misquoted or garbled" the citation in her previous filing, further stating that she "made an error in accurately interpreting the citation."[72]

In addition to citing fictional cases, Plaintiff has filed two sur-replies without first obtaining leave of court, in violation of Local Civil Rule 7.1(h).[73]

### *Legal Standard*

Though "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers, [the Tenth Circuit] has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants."[74] And Federal Rule of Civil Procedure 11(b) states that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party

---

[69] *See* Pl.'s Reply to Def.'s Reply to Pl.'s Suppl. Resp. in Opp'n to Def.'s Mot. to Dismiss (Dkt. 21).

[70] *Id.* at 2 (citing *Adamov v. U.S. Bank Nat'l Assoc.*, 779 F.3d 851, 860 (8th Cir. 2015)).

[71] *See* Order (Dkt. 23).

[72] Pl.'s Resp. to Judge's Order (Dkt. 29), at 1.

[73] LCvR 7.1(h) reads: "Supplemental briefs may be filed only upon motion and leave of court."

[74] *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (cleaned up) (internal citations omitted); *see McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

certifies that to the best of the person's knowledge, information, and belief" that the filing is "not being presented for an improper purpose," and that "the claims, defenses, and other legal contentions are warranted by existing law."[75] Upon a violation of Rule 11(b), after giving the party notice and an opportunity to respond, courts are empowered to sanction any party who violates the rule.[76]

Any sanction imposed "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."[77] Though dismissal is an "extreme sanction"[78] that should not be taken lightly, it is a permissible sanction for a violation of Rule 11.[79] Both attorneys[80] and pro se parties[81] have been sanctioned under Rule 11 for utilizing fake citations. It is no question that such deception results in a waste of "the opposing party's time and money, the Court's time and resources, and reputational

---

[75] Fed. R. Civ. P. 11(b)(1), (2).

[76] Fed. R. Civ. P. 11(c)(1).

[77] Fed. R. Civ. P. 11(c)(4).

[78] *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (citations omitted).

[79] *See King v. Fleming*, 899 F.3d 1140, 1149 (10th Cir. 2018).

[80] *Park v. Kim*, 91 F.4th 610, 615 (2d Cir. 2024) (referring attorney to the court's Grievance Panel for investigation for citing fake opinion); *Mata v. Avianca, Inc.*, 678 F. Supp. 3d 443, 466 (S.D.N.Y. 2023) (imposing a $5,000 fine and ordering the attorney and law firm to mail a letter to each judge incorrectly identified as the author of fake legal authority).

[81] *See Thomas v. Pangburn*, No. CV423-046, 2023 WL 9425765, at *5 (S.D. Ga. Oct. 6, 2023), *report and recommendation adopted*, No. 4:23-CV-46, 2024 WL 329947 (S.D. Ga. Jan. 29, 2024), *appeal dismissed*, No. 24-10368-C, 2024 WL 5389428 (11th Cir. Oct. 21, 2024) (holding that dismissal of pro se party's action was sufficient and appropriate to deter similar conduct by others).

harm to the legal system[.]"[82] Additionally, courts are permitted to sua sponte "dismiss an action with prejudice if the plaintiff fails 'to comply with [the Federal Rules of Civil Procedure] or any order of [the] court.'"[83]

### *Analysis*

The Court is not convinced that Plaintiff's explanation for her use of non-existent legal authority—that she garbled the citation or misinterpreted it—is credible, as she makes no effort to provide any existing cases that she might have been using. The closest match to the citation provided by Plaintiff, *Adamov v. U.S. Bank Nat'l Assoc.*, 779 F.3d 851, 860 (8th Cir. 2015), is a Sixth Circuit case by the same name, though with a different reporter number and date, *Adamov v. U.S. Bank Nat'l Ass'n*, 726 F.3d 851 (6th Cir. 2013). However, the Sixth Circuit case does not discuss the assertion that Plaintiff cited it for.

While Plaintiff is not expected to understand how to formally cite to legal authority, Plaintiff's pro se status is no excuse for her use of non-existent legal authority, especially considering she was previously warned by the Court that this behavior would not be tolerated. But because the Court recognizes the limitations faced by a pro se plaintiff, including the inability to access legal research databases to check the veracity of citations, the Court is unwilling to dismiss Plaintiff's claims with prejudice as a sanction at this time.

---

[82] *Morgan v. Cmty. Against Violence*, No. 23-cv-353-WPJ/JMR, 2023 WL 6976510, at *8 (D.N.M. Oct. 23, 2023).

[83] *Olsen v. Mapes*, 333 F.3d 1199, 1204 & 1204 n.3 (10th Cir. 2003) (quoting Fed. R. Civ. P. 41(b)) (alteration in original).

Plaintiff is hereby warned, however, that any future references to falsified legal authority will result in sanctions, such as filing restrictions, monetary penalties, or dismissal of her case.[84] Paycom's request to strike Plaintiff's unauthorized sur-reply due to her non-compliance with Local Civil Rule 7.1(h) is **GRANTED**. Plaintiff's Reply to Defendant's Reply to Plaintiff's Supplemental Response in Opposition to Defendant's Motion to Dismiss (Dkt. 21) is **STRICKEN**. Plaintiff's unauthorized Response to Defendant's Reply in Support of Motion to Strike and for Sanctions (Dkt. 28) is likewise **STRICKEN**.

### *Conclusion*

For the reasons set forth above, Paycom's Motion to Dismiss and Brief in Support (Dkt. 6) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff's sex discrimination claim is **DISMISSED** without prejudice.

2. Plaintiff's age discrimination claim is **DISMISSED** without prejudice.

3. Plaintiff's retaliation claim is **DISMISSED** without prejudice.

4. Plaintiff's disability discrimination claim is **DISMISSED** without prejudice.

5. Plaintiff's medical inquiry claim may proceed.

6. Plaintiff's claim for a violation of 15 U.S.C. § 1681b(b)(2)(A) may proceed.

7. Plaintiff's claim for a violation of 15 U.S.C. § 1681b(b)(3)(A) is **DISMISSED** without prejudice.

---

[84] *See Morgan*, 2023 WL 6976510, at *8; *Dukuray v. Experian Info. Sols.*, No. 23 CIV. 9043 (AT) (GS), 2024 WL 3812259, at *11 (S.D.N.Y. July 26, 2024), *report and recommendation adopted*, No. 23 CIV. 9043 (AT), 2024 WL 3936347 (S.D.N.Y. Aug. 26, 2024).

Paycom's Motion to Strike and for Sanctions is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Reply to Defendant's Reply to Plaintiff's Supplemental Response in Opposition to Defendant's Motion to Dismiss (Dkt. 21) and Plaintiff's Response to Defendant's Reply in Support of Motion to Strike and for Sanctions (Dkt. 28) are **STRICKEN**.

Should Plaintiff wish to file an amended complaint, she must move to do so within 30 days of this Order and comply with Local Civil Rule 15.1.

**IT IS SO ORDERED** this 31st day of March 2025.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE